**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dr. Gregory Sherr,                                          Case No. 16-CV-3075 (ADM/LIB)

              Plaintiff,

vs.

HealthEast Care System, CentraCare
Health, Dr. Margaret Wallenfriedman, Dr.
Mary Elizabeth Dunn, Dr. Richard
Gregory, Dr. Stephen Kolar, Dr. Jerone D.
Kennedy and Archie Defillo,

Defendants.

**<u>JOINT MOTION REGARDING CONTINUED SEALING</u>**

Pursuant to Local Rule 5.6(c), documents were filed under temporary seal in connection with the following motion and related briefing:

- Defendants HealthEast Care System, Dr. Margaret Wallenfriedman, Dr. Mary Elizabeth Dunn, Dr. Richard Gregory, and Dr. Stephen Kolar's (collectively, "HE Defendants") Motion for Summary Judgment (ECF No. 84), and the memorandum in support thereof (ECF No. 86);

- Plaintiff's Memorandum of Law in Opposition to HE Defendants' Motion for Summary Judgment (ECF No. 120);

- HE Defendants' Reply Memorandum in support of their Motion for Summary Judgment (ECF No. 131).

Pursuant to Local Rule 5.6(d), the parties submit this Joint Motion Regarding Continued Sealing.

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| 86 | Unredacted Memorandum in Support of Defendant's Motion for Summary Judgment | X | | | HE Defendants assert that excerpts of this document contain non-public, proprietary and/or commercially sensitive terms, as well as confidential peer review information. |
| 89 | Sealed Exhibit 1: Physician Employment Agreements between HealthEast and each of the following individual neurosurgeons. (Ex. 1 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the Physician Employment Agreements between HealthEast and its employees contain non-public, and/or commercially sensitive contractual terms, including information relating to compensation and the production targets for each physician. |
| 90 | Sealed Exhibit 2: Excerpts of the deposition transcript of Dr. Margaret Wallenfriedman, dated May 16. (Ex. 2 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that Dr. Wallenfriedman's testimony references HIPAA Protected Health Information.  It also includes extensive discussion of confidential peer review information, which is protected by Minnesota's peer review statute (Minn. Stat. § 145.64), designed to promote the strong public interest in improving health care by granting certain |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | | | | | protections—including confidentiality protections—to medical review organizations. *Kalish v. Mount Sinai Hosp.*, 270 N.W.2d 783, 785-86 (Minn. 1978). Courts have recognized that the quality of patient care could be compromised if fellow professionals are reluctant to participate fully in peer review activities. *Amaral v. Saint Cloud Hosp*., 598 N.W.2d 379, 388 (Minn. 1999). HE's peer review process of Dr. Sherr included discussion among more than 20 physicians, all of whom believed their comments and decisions would remain confidential. The Court should promote these legislative priorities by keeping the substantive peer review discussions confidential. HE Defendants assert that redaction would be impracticable.<br><br>Plaintiff asserts that redacting this document to remove HIPPA Protected Health Information would be a reasonable alternative to sealing the entire document. In the alternative, Plaintiff asserts that only the part of the document containing HIPPA Protected Health Information (i.e. pg. 9) should remain sealed. The rest |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | | | | | of the document is a "judicial document" that is important to the merits of the case and hence, the public has a right to access. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) (following the common law balancing test to determine whether the public's right of access to "judicial records" outweighs the interests served by maintaining the confidentiality of the sealed information based on the specific facts of the case). Because Defendants' peer review process was motivated by malice and its conduct in this process is at the center of this lawsuit, Defendant does not have a significant confidentiality interest in peer review documents not containing PHI.  Accordingly, its interest is outweighed by the public's interest in access. |
| 91 | Sealed Exhibit 5: Sherr's credentialing application for privileges at HealthEast and related credentialing documents. (Ex. 5 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that the credentialing application is confidential pursuant to Minnesota's peer review statute.  Minn. Stat. § 145.64.<br><br>Plaintiff assert this is a "judicial document" that is important to the merits of the case and hence, the public has a right to access. *See IDT Corp.* 709 F.3d 1220 at 1223 (8th Cir. 2013).  It does not contain PHI.  Because |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | | | | | Defendants' peer review process was motivated by malice and its conduct in this process is at the center of this lawsuit, Defendant does not have a significant confidentiality interest in peer review documents not containing patient-related information.  Accordingly, its interest is outweighed by the public's interest in access. |
| 92 | Sealed Exhibit 7: Expert Report of Dr. John William Bookwalter. (Ex. 7 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that Dr. Bookwalter's expert report contains HIPAA Protected Health Information and substantive discussions of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. <br><br> Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 93 | Sealed Exhibit 9: October 6, 2015 PowerPoint Presentation. (Ex. 9 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that the PowerPoint contains HIPAA Protected Health Information and substantive discussions of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | | | | | Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 94 | Sealed Exhibit 10: June 18, 2015 letter from Dr. Peter Bornstein to Dr. Gregory Sherr. (Ex. 10 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that the letter references substantive discussions of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 95 | Sealed Exhibit 11: August 7, 2015 letter to Dr. Sherr on behalf of HealthEast Spine Clinical Council Peer Review Committee. (Ex. 11 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and substantive discussions of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 96 | Sealed Exhibit 12: September 21, 2015 letter to Dr. Gregory Sherr on behalf of the HealthEast Spine Clinical Council Peer | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and substantive discussions of peer review information, which should |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | Review Committee. (Ex. 12 to the Stilson Decl ISO Motion for SJ.) | | | | remain under seal for the same reasons stated with respect to ECF No. 90. |
| 97 | Sealed Exhibit 13: September 15, 2015 letter from Wallenfriedman, as Chair of HealthEast Spine Clinical Council, to Dr. Sherr identifying October 6, 2015 as the date for peer review of a specified case. (Ex. 13 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and substantive discussions of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 98 | Sealed Exhibit 15: October 2, 2015 email from Peter Tanghe to Dr. Sherr regarding SSI cases to be discussed at the October 6, 2015 peer review meeting. (Ex. 15 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that the email contains a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90.<br><br>Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| 99 | Sealed Exhibit 16: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 16 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and substantive discussions of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 100 | Sealed Exhibit 17: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 17 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 101 | Sealed Exhibit 18: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 18 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 102 | Sealed Exhibit 19: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 19 to | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of patient care and peer review information, |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | the Stilson Decl ISO Motion for SJ.) | | | | which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 103 | Sealed Exhibit 20: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 20 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 104 | Sealed Exhibit 21: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 21 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 105 | Sealed Exhibit 22: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 22 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| 106 | Sealed Exhibit 23: Peer review abstract of one of Sherr's patients subject to peer review. (Ex. 23 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 107 | Sealed Exhibit 24: Emails from Ellen Fletcher to peer review committee members requesting review of Sherr's patient cases subject to peer review. (Ex. 24 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that the letter contains HIPAA Protected Health Information.<br><br>Plaintiff asserts that redacting this document to remove HIPPA Protected Health Information would be a reasonable alternative to sealing the entire document. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013) |
| 108 | Sealed Exhibit 25: Document identifying cases subject to peer review at the October 6, 2015 Spine Council meeting and the relevant committee member reviewer. (Ex. 25 to the | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | Stilson Decl ISO Motion for SJ.) | | | | |
| 109 | Sealed Exhibit 26: October 5, 2015 email with attachment from Dr. Sherr to Spine Council with his reply to the case reviews subject to review at the October 6, 2015 Spine Council Meeting. (Ex. 26 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 110 | Sealed Exhibit 31: October 20, 2015 minutes to the peer review meeting. (Ex. 31 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that these minutes contain a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 111 | Sealed Exhibit 32: Copies of relevant pages from the deposition transcript of Dr. Stephan Kolar, dated November 13, | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | 2018. (Ex. 32 to the Stilson Decl ISO Motion for SJ.) | | | | remain under seal for the same reasons stated with respect to ECF No. 90. |
| 112 | Sealed Exhibit 37: October 22, 2015 minutes of the Medical Executive Committee. (Ex. 37 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that these minutes contain a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 113 | Sealed Exhibit 38: PowerPoint Presentation from the October 22, 2015 Medical Executive Committee. (Ex. 38 to the Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 114 | Sealed Exhibit 39: October 23, 2015 letter from Medical Executive Committee to Dr. Gregory Sherr notifying him that his summary suspension had | | | X | HE Defendants assert that the memorandum attached to the letter contains a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | been upheld and the reasons therefore. (Ex. 39 to the Stilson Decl ISO Motion for SJ.) | | | | Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 115 | Sealed Exhibit 43: Decision of JRC dated February 1, 2016. (Ex. 43 to the Stilson Decl ISO Motion for SJ.) | | | X | HE Defendants assert that the decision of the JRC contains a substantive discussion of peer review information, which should remain under seal for the reasons stated with respect to ECF No. 90.<br><br>Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 116 | Sealed Exhibit 44: March 4, 2016 email discussing between counsel for HealthEast and Sherr regarding circumstances related to Sherr's voluntary resignation of his privileges. (Ex. 44 to the | X | | | HE Defendants assert that parties agreed to keep the terms of Dr. Sherr's resignation confidential, and the email contains confidential information about Dr. Sherr's resignation from HealthEast. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | Stilson Decl ISO Motion for SJ.) | | | | |
| 117 | Sealed Exhibit 55: Dr. Gregory Sherr's 2015 W2. (Ex. 55 to the Stilson Decl ISO Motion for SJ.) | | X | | HE Defendants assert that Plaintiff designated his tax returns as confidential so they filed them under seal pursuant to the terms of the Protective Order and Local Rule 5.6(c).  However, the HE Defendants disagree that this exhibit should remain under seal, as Dr. Sherr did not designate other information regarding his compensation as confidential. |
| 133 | Sealed Exhibit 59: Handwritten pages of notes from Dr. Wallenfriedman's conversation with Nurse McCook substantiating how concerns regarding Dr. Sherr's care originated. (Ex. 59 to the Second Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that the handwritten notes contain HIPAA Protected Health Information. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| 134 | Sealed Exhibit 60: HealthEast's Neurovascular Clinical Council's Focused Professional Practice Evaluation for Dr. Sherr with a monitoring start date of February 3, 2015. (Ex. 60 to the Second Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that Dr. Sherr's Focused Professional Practice Evaluation contains HIPAA Protected Health Information. |
| 135 | Sealed Exhibit 61: HealthEast's Spine Clinical Council's Focused Professional Practice Evaluation for Dr. Sherr with a monitoring start date of February 3, 2015. (Ex. 61 to the Second Stilson Decl ISO Motion for SJ.) | X | | | HE Defendants assert that Dr. Sherr's Focused Professional Practice Evaluation contains HIPAA Protected Health Information. |
| 140 | Sealed Exhibit 140: Excerpts of the Deposition of Steven Kolar, dated | X | | | HE Defendants assert that the deposition transcript contains HIPAA Protected Health Information and a substantive discussion of peer review information, |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | November 13, 2018. (Ex. A to the Decl of Schaefer IOT Defs Motion for SJ.) | | | | which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-1 | Sealed Exhibit 140-1: Excerpts of the Deposition of Margaret Wallenfriedman, dated May 16, 2018. (Ex. A to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the deposition transcript contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the reasons stated with respect to ECF No. 90. |
| 140-2 | Sealed Exhibit 140-2: October 6, 2015 PowerPoint Presentation (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | X | HE Defendants assert that the deposition transcript contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90.<br><br>Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 140-3 | Sealed Exhibit 140-3: April 10, 2015 e-mail chain to Thomas Cathey from | | | X | HE Defendants assert that the emails contain a substantive discussion of peer review information (*i.e.*, credentialing applications of various doctors), which |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
| --- | --- | --- | --- | --- | --- |
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | Kevin Svenby regarding Sherr's privileges. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | | should remain under seal for the same reasons stated with respect to ECF No. 90. Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 140-4 | Sealed Exhibit 140-4: Decision of JRC dated February 1, 2016. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | X | HE Defendants assert that the decision of the JRC contains a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 140-5 | Sealed Exhibit 140-5: Physician Employment Agreements between HealthEast and each of the following individual neurosurgeons. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the Physician Employment Agreements between HealthEast and its employees contain non-public, and/or commercially sensitive contractual terms, including information relating to compensation and the production targets for each physician. |
| 140-6 | Sealed Exhibit 140-6: | X | | | HE Defendants assert that the emails contain HIPAA Protected Health Information and a substantive |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | June 19, 2015 e-mail exchange between Andrew Fink, Margaret Wallenfriedman and John Kvasnicka. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | | discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-7 | Sealed Exhibit 140-7: September 1, 2015 Spine Care Council Minutes. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the minutes contain a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-8 | Sealed Exhibit 140-8: September 13, 2015 e-mail chain to Ellen Fletcher from Margaret Wallenfriedman. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the emails contain HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-9 | Sealed Exhibit 140-9: September 15, 2015 letter from Wallenfriedman, as | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
| --- | --- | --- | --- | --- | --- |
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | Chair of HealthEast Spine Clinical Council, to Dr. Sherr identifying October 6, 2015 as the date for peer review of a specified case. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | | remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-10 | Sealed Exhibit 140-10: September 21, 2015 letter to Dr. Gregory Sherr on behalf of the HealthEast Spine Clinical Council Peer Review Committee. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-11 | Sealed Exhibit 140-11: October 2, 2015 Spine Care Council Peer Review Premeeting Minutes. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | X | HE Defendants assert that the minutes contain a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | | | | | Plaintiff disagrees for the same reason stated with respect to ECF No. 92. |
| 140-12 | Sealed Exhibit 140-12: Document identifying cases subject to peer review at the October 6, 2015 Spine Council meeting and the relevant committee member reviewer. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the letter contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-13 | Sealed Exhibit 140-13: November 3, 2015 e-mail to Steve Kolar from Kellen Fletcher with attached Voting Recommendations and Vote Tally.(Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the email and attachment contain HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
| --- | --- | --- | --- | --- | --- |
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| 140-14 | Sealed Exhibit 140-14: October 6, 2015 Spine Care Council minutes. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the minutes contain a substantive discussion of peer review information, which should remain under seal for the reasons stated with respect to ECF No. 90. |
| 140-15 | Sealed Exhibit 140-15: October 20, 2015 e-mail chain to Margaret Wallenfriedman from Steve Kolar. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the email and attachment contain HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-16 | Sealed Exhibit 140-16: October 20, 2015 minutes to the peer review meeting. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the minutes contain a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-17 | Sealed Exhibit 140-17: PowerPoint Presentation from the October 22, 2015 Medical Executive | X | | | HE Defendants assert that the PowerPoint contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| | Committee. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | | remain under seal for the same reasons stated with respect to ECF No. 90. |
| 140-18 | Sealed Exhibit 140-18: Physician Employment Agreements between HealthEast and each of the following individual neurosurgeons. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the Physician Employment Agreements between HealthEast and its employees contain non-public, and/or commercially sensitive contractual terms, including information relating to compensation and the production targets for each physician. |
| 140-19 | Sealed Exhibit 140-19: October 23, 2015 letter from Medical Executive Committee to Dr. Gregory Sherr notifying him that his summary suspension had been upheld and the reasons therefore. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | X | HE Defendants assert that the letter and attachment contain a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90.<br><br>Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |

| DKT. NO. | DESCRIPTION OF DOCUMENT | MARK "X" IN APPLICABLE COLUMN | | | REASON WHY DOCUMENT SHOULD REMAIN SEALED OR BE UNSEALED |
|---|---|---|---|---|---|
| | | Parties Agree Doc. Should Remain Sealed | Parties Agree Doc. Should Be Unsealed | Parties Disagree | |
| 140-20 | Sealed Exhibit 140-20: November 20, 2015 e-mail from Dr. Gregory Sherr requesting a hearing in front of the Judicial Review Committee. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | | | X | HE Defendants assert that the letter contains a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. Plaintiff disagrees for the same reason stated with respect to ECF No. 91. |
| 140-21 | Sealed Exhibit 140-21: Physician Employment Agreements between HealthEast and each of the following individual neurosurgeons. (Ex. C to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the Physician Employment Agreements between HealthEast and its employees contain non-public and/or commercially sensitive contractual terms, including information relating to compensation and the production targets for each physician. |
| 140-22 | Sealed Exhibit 140-22: February 1, 2016 Judicial Review Committee hearing transcript. (Ex. D to the Decl of Schaefer IOT Defs Motion for SJ.) | X | | | HE Defendants assert that the transcript of the Judicial Review Committee hearing contains HIPAA Protected Health Information and a substantive discussion of peer review information, which should remain under seal for the same reasons stated with respect to ECF No. 90. |

[*Remainder of this page intentionally left blank*]

Dated:  May 14, 2019                    SCHAEFER HALLEEN, LLC


                                        By: */s/ Peter G. Christian*_____
                                            Lawrence P. Schaefer (#195583)
                                            Jean M. Boler (#154179)
                                            Peter G. Christian (#392131)
                                            412 South Fourth Street, Suite 1050
                                            Minneapolis, MN 55415
                                            Telephone:  (612) – 294-2600
                                            Facsimile:  (612) 294-2640
                                            lschaefer@schaeferhalleen.com
                                            jboler@schaeferhalleen.com
                                            pchristian@schaeferhalleen.com

                                        *Attorneys for Plaintiff Dr. Gregory Sherr*


Dated:  May 14, 2019                    DORSEY & WHITNEY LLP


                                        By: */s/ Jaime Stilson*_____
                                            Meghan DesLauriers (#0389034)
                                            deslauriers.meghan@dorsey.com
                                            Jaime Stilson (#0392913)
                                            stilson.jaime@dorsey.com
                                            Daniel D. Falknor (#0396318)
                                            falknor.daniel@dorsey.com
                                            Suite 1500, 50 South Sixth Street
                                            Minneapolis, MN 55402-1498
                                            Telephone:  (612) 340-2600
                                            Facsimile:  (612) 340-2868

                                        *Attorneys for Defendants HealthEast
                                        Care System, Dr. Margaret
                                        Wallenfriedman, Dr. Mary Elizabeth
                                        Dunn, Dr. Richard Gregory, and Dr.
                                        Stephen Kolar*